Per Curiam.

The petitioner in the instant case bases his right to release on the failure of the state to furnish him, as an indigent, a free copy of the transcript of testimony relating to his trial, for the purpose of appeal.
Petitioner was convicted in 1959, but he did not file his motion for leave to appeal until 1962, well out of rule for an appeal as a matter of right. The Court of Appeals found that there was neither a showing of any reason for failure to file his appeal within rule when he could have filed his appeal as of right nor any showing of probable error in the proceedings of the trial court. Motion for leave to appeal was denied by the Supreme Court.
An accused who desires a transcript of testimony at the expense of the state for the purpose of appeal must request such transcript from the trial court by motion, and if such motion is overruled the accused has the right to appeal from such order. State, ex rel. Wilson, v. McMahon, Judge, 172 Ohio St., 438.
The question as to whether an accused has been deprived of his constitutional rights by the lack of a transcript of his trial is a question which must be raised by appeal and is not cognizable in habeas corpus.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.